# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0794 | **DATE** | April 25, 2011 |
| **CASE TITLE** | Jeremy Johnson (#M-02872) vs. Kenyatta Harper, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff may proceed only against defendants Chibicki, Bratton, Baader, Brown, and the City of Chicago on Counts 1, 4, 5, 7, 12, and 13, as described below. The Clerk is directed to issue summonses for service on these defendants by the U.S. Marshal. The complaint is dismissed on initial review as to all other claims and defendants pursuant to 28 U.S.C. § 1915A. The Clerk is further directed to send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff, a state prisoner, has filed suit under 42 U.S.C. § 1983. He alleges that a private citizen and police officers violated his constitutional rights by conspiring to falsely arrest him, police supervisors wrongfully approved charges, lock-up officers held him without investigating whether the charges were valid, prosecutors maliciously prosecuted him, defense attorneys provided ineffective assistance at the preliminary hearing, a judge improperly found probable cause, and a parole officer wrongfully charged him with having violated his parole. The Court has reviewed the complaint as required by 28 U.S.C. § 1915A.

Plaintiff alleges that on January 1, 2010, Kenyatta Harper, his girlfriend, falsely reported that he had committed domestic battery against her, when in fact she had attacked plaintiff in a jealous rage. Chicago police officers Chibicki, Bratton, Baader, and Brown responded to the call. Plaintiff alleges that one or more of the officers planted narcotics in a pair of his pants that they handed him to wear to the police station. Plaintiff alleges that the officers arrested him for battery without probable cause and did not advise him of his rights.

Plaintiff alleges that police supervisors Coleman, McMahon, and O'Donnell approved the charges even though they were allegedly aware that probable cause was lacking, and that officers Ford, Scott, Carter, and Lee, who were in charge of the police station lockup, held him without verifying the validity of the charges.

Plaintiff alleges that Cook County State's Attorney Anita Alvarez and assistant state's attorney Dan Piwowarczyk declined to drop the charges against plaintiff even though they allegedly knew the charges were without basis and that the arresting officers had engaged in misconduct. He alleges that Cook County Public Defender Abishi Cunningham and assistant public defender Colleen Halliman provided ineffective representation by failing to attack the domestic battery charge at the preliminary hearing. He also alleges that Judge Michelle Jordan improperly found that probable cause existed. Finally, plaintiff alleges that his parole agent, named Donna, improperly charged him with violating his supervised release without independently investigating the validity of the charges.

The domestic battery charge was ultimately dismissed. Plaintiff is serving a prison term, but the complaint does not identify the charge on which he was convicted.

The Court assesses plaintiff's claims as follows:

# STATEMENT

1. Plaintiff cannot maintain a claim against Harper. To be liable under section 1983, a defendant must have acted under color of state law. Providing false information to the police - as plaintiff claims Harper did - does not make a private person a state actor. *See Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985). Plaintiff's allegations are insufficient to support a claim that Harper conspired with state actors, thus subjecting her to liability under section 1983. In assessing the sufficiency of a complaint, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554-55 (2007) (rejecting an unsupported allegation of conspiracy). All plaintiff has alleged is that Harper called the police and the police believed her. That is insufficient to support a charge of conspiracy between Harper and the police. The Court dismisses Harper as a defendant.

2. Plaintiff cannot maintain a claim for the officers' alleged *Miranda* violation (Count 2 and perhaps other counts), because he has not alleged that any statement obtained in violation of *Miranda* was used against him at a criminal trial. *See Sornberger v. City of Knoxville*, 434 F.3d 1006, 1023-24 (7th Cir. 2006).

3. Plaintiff cannot maintain claims against the police supervisors. Plaintiff alleges nothing more than that they approved charges after reviewing the arresting officers' report. Plaintiff has not provided a copy of the report and, more importantly, does not suggest that the report would have alerted the supervisors to the arresting officers' misconduct. This is insufficient to support a claim of personal involvement in the alleged false arrest or for supervisory liability. *See, e.g., Sides v. City of Champaign*, 496 F.3d 820, 827 (7th Cir. 2007) (a supervisor is not liable under section 1983 unless he knew of and approved his subordinates' misconduct).

4. Plaintiff likewise cannot maintain claims against the lockup keepers. Plaintiff alleges nothing more than that the lockup keepers reviewed the police report and points to nothing in the report that would have alerted them to a constitutional violation. *See, e.g., Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (personal liability exists under section 1983 only if the person directed the constitutional violation or if it occurred with his knowledge and consent).

5. Plaintiff cannot sue the prosecuting attorneys. Prosecutors are absolutely immune from suits for damages under section 1983 for conduct intimately associated with the judicial phase of the criminal process. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). This includes conduct in initiating a prosecution and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 429-31 (1976).

6. Plaintiff's public defenders are not state actors and thus are not subject to suit under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

7. Judge Jordan is immune from suit. A judge may not be sued for damages for acts committed in her judicial capacity. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978). Plaintiff makes a conclusory allegation that the state court lacked jurisdiction over him, but this is a frivolous contention. State courts have jurisdiction to consider state criminal charges like the ones that were brought against plaintiff. Jurisdiction was not lacking simply because plaintiff contends the charge was lacking in merit.

8. Plaintiff's parole officer is immune from suit for charging plaintiff with a parole violation. "A parole officer enjoys absolute immunity for issuing an arrest warrant against a parolee so long as she does not participate in gathering the evidence forming the basis of the warrant," *Copus v. City of Edgerton*, 151 F.3d 646, 649 (7th Cir. 1998), which plaintiff does not allege claim the parole officer did. Plaintiff cannot sue the Prisoner Review Board because it is a state agency immune from suit under the Eleventh Amendment. *See generally Leavell v. Illinois Dept. of Natural Resources*, 600 F.3d 798, 808 n.6 (7th Cir. 2010).

9. Plaintiff's sprawling claim of conspiracy (embodied, in part, in Count 11), in which he essentially alleges, in entirely conclusory fashion, that everyone who dealt with him from the time of his arrest through the time of the preliminary hearing conspired to violate his civil rights, is insufficient to state a claim. As indicated earlier, a court is not bound to accept as true a bare legal conclusion couched as a factual allegation. *See Ashcroft*, 129 S. Ct. at 1949-50. Plaintiff's complaint does not "nudge[ ] [his] claims [of conspiracy]. . .

across the line from conceivable to plausible." *Id.* at 1951.

      10. The rulings listed above leave standing only two federal-law claims, both against the arresting officers, specifically, plaintiff's claims for false arrest (Count 1) and race discrimination (Count 4). Count 3, also entitled "Discrimination," is dismissed as duplicative of Count 4. Plaintiff may pursue Counts 1 and 4 against the arresting officers, identified in the complaint as defendant Chibicki, Bratton, Baader, and Brown. He may also proceed against those same defendants on Count 5, which despite its title appears to be a parallel state law false arrest claim, and Count 7, which appears to be a state law claim for intentional infliction of emotional distress. Plaintiff may also proceed on Counts 12 and 13, state law claims of respondeat superior and for indemnification under 745 ILCS 10/9-102, to the extent he brings those claims against the officers' employer, the City of Chicago. Plaintiff does not identify the City as a defendant in the caption of his complaint, but he does so in the body of the complaint. The Court dismisses Counts 12 and 13, however, as to Cook County and the Prisoner Review Board, because they do not employ any of the non-dismissed defendants.

      11. Plaintiff asserts a state law claim for legal malpractice (Count 6), purportedly against the judge, the prosecutors, and the public defenders. A party may sue only his own lawyer for legal malpractice - in this case, the public defenders who represented plaintiff. But plaintiff's state law legal malpractice claim is related only tenuously, if at all, to plaintiff's only remaining federal claims. The Court dismisses the legal malpractice claim for lack of supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

      12. Plaintiff has no separate viable state law tort claim for loss of consortium or loss of parental rights. For this reason, the Court dismisses Counts 8 and 9. It is conceivable that plaintiff might be able to seek damages for those alleged losses under his other remaining claims if he prevails on one or more of those claims, but Counts 8 and 9 are not viable as separate claims. The Court also dismisses Count 10, entitled "failure to prevent." For the reasons discussed earlier, plaintiff has no viable federal claim against any of the defendants he has named other than the arresting officers.

      The Clerk shall issue summonses forthwith and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshal is appointed to serve the remaining defendants. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with summons. The Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former officers who no longer can be found at the work address provided by plaintiff, the Chicago Police Department shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendants (or to defense counsel, once an attorney has entered an appearance on defendants' behalf). Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.