# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0794 | **DATE** | June 29, 2011 |
| **CASE TITLE** | Jeremy Johnson (#M-02872) vs. Kenyatta Harper, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to amend [#12] is denied for the reasons stated below. Plaintiff is reminded of basic filing requirements: he must (1) provide the Court with the original plus a judge's copy of every document filed and (2) include a certificate of service with every court filing showing that a copy was mailed to opposing counsel.

■ **[For further details see text below.]**                                              **Docketing to mail notices.**

## STATEMENT

Plaintiff, a state prisoner, has filed suit pursuant to 42 U.S.C. § 1983. He alleges that a private citizen and police officers violated his constitutional rights by conspiring to falsely arrest him, police supervisors wrongfully approved the charges, prosecutors maliciously prosecuted him, a judge acted without jurisdiction, and that defense attorneys provided ineffective assistance. By Order dated April 25, 2011, the Court permitted plaintiff to proceed only on his false arrest, discrimination, and state law claims against the arresting officers and the City of Chicago and dismissed the remaining claims. Plaintiff has filed a motion for leave to amend his complaint, together with a proposed amended complaint in which he reasserts most or all of the claims the Court previously rejected.

The Court denies plaintiff's motion for leave to amend. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires," but that does not make leave to amend automatic. *Johnson v. Cypress Hill*, ___ F.3d ___, 2011 WL 2138085, at *3 (7th Cir. June 1, 2011). A court may deny leave to amend if, among other reasons, the amendment would be futile. *Id.*; *see also Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009).

Plaintiff's proposed amended complaint is futile; indeed, it tends to weaken his case against the police officer defendants. Plaintiff now alleges that his girlfriend (Harper) planted the drugs that were the basis for his arrest, before calling the police. Nothing in the proposed amended complaint suggests that Harper conspired with the arresting officers, so her actions do not subject her to liability under section 1983. In fact, plaintiff's allegation that Harper planted the drugs appears inconsistent with his previous contention that the officers planted the drugs to manufacture grounds for falsely arresting him.

The Court also remains satisfied that plaintiff has no viable claim against the officers who reviewed and approved the facially valid arrest report prepared by the arresting officers. Nothing in the proposed amended complaint suggests a proper basis to attribute to the reviewing officers knowledge of the arresting officers' alleged wrongdoing.

In addition, as discussed in the Court's prior order, the prosecuting attorneys have absolute immunity for prosecuting plaintiff; the judge who presided over his case has absolute immunity from a suit for damages; and

## STATEMENT

and plaintiff's public defenders cannot be sued under section 1983 even if plaintiff is unhappy with their performance. Plaintiff's use of the conclusory term "conspiracy" is insufficient, without supporting facts, to state a cognizable claim. *See, e.g., Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007).

For these reasons, the Court denies plaintiff's motion for leave to amend, because the amended complaint does not resuscitate any of the claims the Court previously dismissed. Accordingly, the original complaint remains the operative pleading.

As a final concern, the Court once again reminds plaintiff of the basic requirements for filing documents in his case. Plaintiff must: (1) provide the Court with the original plus a judge's copy of every document filed, and (2) include a certificate of service with every court filing showing that a copy was mailed to all counsel of record. In the future, the Court may strike without considering any document filed that fails to comport with these basic filing rules.