IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11 C 794 |
| | ) | |
| DET. J.J. CHIBICKI, DET. B. BRATTON, | ) | |
| OFCR. B. BAADER, SGT. R. BROWN, | ) | |
| and CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

*Pro se* plaintiff Jeremy Johnson has filed suit under 42 U.S.C. § 1983, alleging that Chicago police officers violated his constitutional rights in connection with his arrest on January 1, 2010. Johnson's complaint also named as defendants a private citizen, police supervisors, lock-up officers, state prosecutors, public defenders, a state court judge, and a parole officer.

The Court reviewed Johnson's complaint as required by 28 U.S.C. § 1915A and, in an April 25, 2011 order, dismissed the defendants against whom the Court concluded Johnson could not advance a claim. The remaining defendants – police officers Chibicki, Bratton, Baader, Brown, and the City of Chicago – have moved to dismiss the remaining claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants defendants' motion in part and denies it in part.

## Background

Johnson is a prisoner in the Illinois Department of Corrections as the result of a narcotics conviction. He alleges that on January 1, 2010, his girlfriend falsely reported that he had committed domestic battery against her, when in fact, he contends, it was she who had attacked him in a jealous rage. Chicago police officers Jonathan Chibicki, Brian Bratton, and Brian Baader responded to the call, with Baader interviewing Johnson's girlfriend about the claimed battery.

Detectives Chibicki and Bratton found Johnson upstairs asleep. They woke him and gave him a pair of his own sweat pants to wear. Officer Chibicki claimed to find narcotics in a pocket of the sweat pants. Johnson contends the drugs were not his and had been planted there. The officers subsequently arrested Johnson and charged him with both domestic battery and possession of narcotics.

On January 20, 2010, the domestic battery charge against Johnson was dismissed. Johnson was found guilty, however, on the narcotics charge.

In this case, Johnson has two remaining federal claims. In count 1, he claims that Chibicki, Bratton, Baader, and Sergeant Raimondo Brown arrested him without probable cause. In Count 4, Johnson claims that the officers conspired to falsely arrest him because of his race.

Johnson also asserts four claims under Illinois law. In count 5, Johnson asserts a state law claim parallel to the federal false arrest claim in count 1. In count 7, he asserts a state law claim for intentional infliction of emotional distress. Finally, in Counts 12 and 13, Johnson asserts state law claims against the City for *respondeat superior* and indemnification. The Court dismissed all of Johnson's other claims

2

following its initial review of the complaint.

## Discussion

A plaintiff is required by Federal Rule of Civil Procedure 8(a)(2) to set forth in his complaint "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). A plaintiff need not plead a detailed set of facts, so long as the complaint supplies the defendant with "fair notice of what . . . the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). The claim must be "plausible on its face," *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 7 (2009), which requires the court to consider whether the events alleged could have happened, not whether they did happen or even whether they likely happened. *Swanson*, 614 F.3d at 404. *See also In re Text Messaging Antitrust Litig. (Appeal of Verizon Wireless)*, 630 F.3d 622, 629 (7th Cir. 2010) ("the complaint must establish a nonnegligible probability that the claim is valid; but the probability need not be as great as such terms as 'preponderance of the evidence' connote").

The court filings of a *pro se* plaintiff are liberally construed so as to do substantial justice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 97); *Bridges v. Gilbert*, 557 F.3d 451, 456 (7th Cir. 2009).

In their motion to dismiss, defendants argue that the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars plaintiff's federal and state false arrest

3

claims. Alternatively, defendants argue that the officers had probable cause to arrest Johnson. Defendants also argue that Johnson does not plead facts sufficient to suggest a race discrimination conspiracy. They argue that Johnson's claim for intentional infliction of emotional distress is barred by the statute of limitations. Finally, they argue that Johnson's other claims should be dismissed, so too should Johnson's claims of *respondeat superior* liability against the City of Chicago.

### 1. False arrest (Counts 1 and 5)

If, when a state prisoner seeks damages under § 1983, a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Wiley v. City of* Chicago, 361 F.3d 994 (7th Cir. 2004). Though one can have a successful wrongful arrest claim and still have a perfectly valid conviction," *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996), "sometimes a successful challenge to a false arrest can indeed impugn the validity of the plaintiff's conviction." *Wiley*, 361 F.3d at 997.

In *Wiley*, the plaintiff filed suit under section 1983, alleging that he "was arrested and prosecuted solely on the basis of drugs planted by the arresting officers." *Wiley*, 361 F.3d at 997. The Seventh Circuit affirmed the dismissal of the plaintiff's claim, holding that "any attack on the arrest would necessarily challenge the legality of a prosecution premised on planting drugs." *Id.* The same is true here. If Johnson proved what he alleges—that the drugs were planted by the arresting officers—it would

4

undermine the validity of his criminal conviction. As the Court stated in *Heck*, barring a civil action in this situation "precludes the possibility of [the plaintiff] succeeding in the [section 1983] action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transactions." *Heck*, 512 U.S. at 484 (internal quotation marks and citation omitted).

This Court, in its April 25, 2011 Order, noted that Johnson's claim in Count 5 "appears to be a parallel state law false arrest claim." *See* Docket Entry 7 at 3. The rule set forth in *Heck* is applies with equal force to state law claims. *See Lieberman v. Liberty Healthcare*, 408 Ill. App. 3d 1102, 1111-12, 948 N.E.2d 1100, 1107 (2011) (dismissing plaintiff's state law malicious prosecution claim because the state judicial system, like the federal judicial system, does not permit collateral attacks on final criminal judgments).

As indicated earlier, Johnson was arrested not just on the narcotics charge but also on a charge of battery. That charge was later dismissed. As a result, in challenging the propriety of his arrest for battery, Johnson is not attacking an adverse criminal judgment. This, however, does not save his false arrest claim relating to the battery charge. The police only needed one basis to arrest Johnson, not two. Even if the narcotics arrest is completely unrelated to the reason why the police encountered Johnson in the first place, the legal validity of the narcotics charge – or at least the fact that Johnson cannot legally challenge it under *Heck* – is sufficient to sustain his arrest even if probable cause to arrest him for battery was lacking (an issue the Court need

5

not decide). "An arrested individual is no more seized when he is arrested on three grounds rather than one; and so long as there is *a* reasonable basis for the arrest, the seizure is justified on that basis even if any other ground cited for the arrest was flawed." *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153-55 (2004)). In this regard, the Court sees no distinction between a situation in which a finding is made that there was probable cause to arrest for one of several offenses (the *Holmes – Devenpeck* scenario), and a case like this one in which the arrestee is legally barred under *Heck* from challenging his arrest on one of multiple charges. In short, the fact that Johnson's narcotics arrest is insulated from attack prevents him from sustaining a false arrest claim based on the alleged infirmity of the battery charge.

**2.     Race discrimination (Count 4)**

In Count 4, Johnson alleges that the defendants conspired to arrest him based on his race, in violation of his constitutional right to equal protection of the laws. He offers no basis for this claim, however, other than a bare conclusion. This is insufficient, even given the more relaxed standard that applies to *pro se* complaints. *See Cooney v. Rossiter*, 583 F.3d 967, 970-71 (7th Cir. 2009) (affirming the dismissal of a *pro se* complaint that contained only a bare allegation of conspiracy). Johnson's race discrimination conspiracy claim neither puts defendants on fair notice regarding basis for his claim against them nor raises the possibility of relief above speculation. The Court therefore dismisses Count 4.

### 3. Intentional infliction of emotional distress (Count 7)

In Count 7, Johnson alleges that the officers "conducted themselves in an extreme and dangerous manner; disregarding the probability that their actions and conduct would cause severe emotional distress to Plaintiff. . . ." Complaint at ¶ 52. In its April 25 order, the Court construed this as a state law claim for intentional infliction of emotional distress (IIED).

The Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101(a), which applies to IIED claims against police officers, includes a one-year statute of limitations. *See, e.g., Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006). Johnson's complaint makes it clear that his IIED claim arises entirely out of his arrest on January 1, 2010; he alleges no tortious conduct by the police officers after that date. Johnson filed his complaint, however, more than a year after that date, on February 3, 2011.

Johnson argues that his complaint was nonetheless timely because of the operation of the "discovery rule." Under Illinois' discovery rule, "a cause of action accrues, and the limitations period begins to run, when the party seeking relief knows or reasonably should know of an injury and that it was wrongfully caused." *Clark v. Children's Mem. Hosp.*, ___ Ill. 2d ___, 955 N.E.2d 1065, 2011 WL 1733532, at *22 (Ill. May 6, 2011) (internal quotation marks and citation omitted). Johnson contends that the limitations period did not start to run until he learned of his legal right to seek redress for false arrest via conversations with a fellow prisoner. Under Illinois law, however, when the claim arises from a sudden and traumatic event, the statute of

7

limitations begins to run from the date of the injury. *See, e.g., Golla v. General Motors Corp.*, 167 Ill. 2d 353, 361, 657 N.E.2d 894, 898 (1995). "The rationale supporting this rule is that the nature and circumstances surrounding the traumatic event are such that the injured party is thereby put on notice that actionable conduct might be involved." *Id.* at 383, 657 N.E.2d at 899. Johnson's arrest, which he describes in his complaint as an action that the defendants undertook in an "extreme and dangerous manner" and that caused him severe emotional distress, unquestionably falls within the category of sudden and traumatic events that immediately trigger the limitations period. Thus the discovery rule does not save Johnson's IIED claim. The claim is time-barred.

5.  **Claims against the City of Chicago (Counts 12 and 13)**

In Counts 12 and 13, Johnson seeks to impose liability on the City of Chicago for the officers' alleged misconduct. Because the Court has dismissed the underlying claims against the officers, it also dismisses these claims against the City. *See, e.g., Holmes v. Sood*, 02 C 7266, 2005 WL 3436389, at *12 (N.D. Ill. Dec. 9, 2005) (dismissing plaintiff's *respondeat superior* claim where summary judgment had been granted on intentional infliction of emotional distress claim, and because there is no *respondeat superior* liability under § 1983).

## Conclusion

For the reasons stated above, the Court grants defendants' motion to dismiss the remaining claims in Johnson's complaint. Unless Johnson files, by December 22, 2011, a proposed amended complaint that states at least one viable federal claim, the

Court will enter final judgment against him.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 21, 2011