# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0794 | **DATE** | January 3, 2012 |
| **CASE TITLE** | Jeremy Johnson (#M-02872) vs. Kenyatta Harper, et al. | | |

**DOCKET ENTRY TEXT**

The second amended complaint is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915A. The case is terminated. This dismissal counts as one of plaintiff's Jeremy Johnson's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Jeremy Johnson, an Illinois state prisoner, has brought this *pro se* lawsuit pursuant to 42 U.S.C. § 1983. He cldaims that a former girlfriend, defendant Harper, made a false police report against him; the responding officers arrested him for domestic battery without probable cause; and a police supervisor wrongfully approved the charge. Plaintiff also sues the City of Chicago as the officers' employer.

In a decision dated November 21, 2011, the Court largely granted defendants' motion to dismiss but gave plaintiff an opportunity to attempt to replead to see if he could articulate a viable federal claim. Plaintiff has submitted a second amended complaint. Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting plaintiff's factual allegations as true, the second amended complaint fails to state a viable claim.

### Facts

Plaintiff alleges that on January 1, 2010, Harper, his girlfriend, attacked him in a jealous rage. Plaintiff says he did not assault Harper but merely defended himself. Plaintiff alleges that he believed that he and Harper soon resolved their misunderstanding. Plaintiff says, however, that Harper called the police while he was asleep and falsely reported that he had beaten her.

Defendants Chibicki, Bratton, and Baader, Chicago police officers, responded to Harper's call. As Officer Baader interviewed Harper, Officers Chibicki and Bratton went upstairs to rouse and arrest plaintiff. Plaintiff alleges that the officers failed to "follow protocol" and had no probable cause to arrest him for domestic battery. He says that they did not bother to ask for his side of the story. Plaintiff alleges that defendant Brown, a police sergeant, reviewed the arresting officers' reports and approved the charges even though he was fully aware that probable cause did not exist to arrest plaintiff for domestic battery.

On January 20, 2010, the domestic battery charge was dismissed.

### Discussion

Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires,

**STATEMENT**

it is not to be automatically granted." *Johnson v. Cypress Hill*, 641 F.3d 867, 871-72 (7th Cir. 2011) (internal quotation marks and citation omitted). "[District] courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* at 872 (internal quotation marks and citation omitted). *See also Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008); *Thompson v. Ill. Department of Professional Regulation*, 300 F.3d 750, 759 (7th Cir. 2002). The Court finds that plaintiff's proposed amended complaint would be futile.

    1. Plaintiff cannot successfully sue Harper under 28 U.S.C. § 1983 for calling the police even if her allegations of domestic battery were false. Generally, to be liable under 42 U.S.C. § 1983, a defendant must have both acted under color of state law and violated a constitutional right of the plaintiff. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). As the Court stated in an earlier order, *see* Order of April 25, 2011, merely providing false information to the police does not transform a private individual into a state actor. *Pepper v. Village of Oak Park*, 430 F.3d 805, 811 (7th Cir. 2005); *see also Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985). Plaintiff has no viable federal claim against Harper.

    2. Plaintiff likewise has no tenable cause of action against the police for false arrest. As discussed more fully in the Court's November 21, 2011 decision, the police arrested plaintiff on two charges: possession of cocaine and domestic battery. If an officer has probable cause to arrest for any offense, the arrest does not violate the Fourth Amendment. *See, e.g., Devenpeck v. Alford*, 543 U.S. 146, 153 (2004); *Whren v. United States*, 517 U.S. 806, 812-13 (1996). "[S]o long as there is a reasonable basis for the arrest, the seizure is justified on that basis even if any other ground cited for the arrest is flawed." *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007) (citing *Devenpeck*, 343 U.S. at 153-55).

As the Court also discussed in the November 21 decision, a prisoner may not file a section 1983 action if a judgment in his favor would necessarily imply the invalidity of his conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). As a result of that decision, plaintiff now seems to be aware that he cannot properly pursue a claim that the police planted cocaine on him, because to do so would call into question the validity of his narcotics conviction. *See, e.g., Akpulonu v. McGowan*, No. 03 C 4546, 2004 WL 2034084, at *9 (N.D. Ill. Aug. 12, 2004). *See generally Wileyp v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004) ("If, as alleged, Wiley was arrested and prosecuted solely on the basis of drugs planted by the arresting officers, then any attack on the arrest would necessarily challenge the legality of a prosecution premised on the planted drugs."). Because the *Heck* doctrine bars plaintiff from challenging the narcotics arrest, and because that charge was a sufficient basis for his arrest even if the domestic battery charge was not, he cannot sustain a false arrest claim based on the battery charge by itself.

Plaintiff cannot resuscitate his false arrest claim for domestic battery simply by eliminating any allegations concerning the narcotics charge. It is true that plaintiff may not be bound by the allegations of his earlier complaint. *See, e.g., EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 778 (7th Cir. 2007). And it is also true that, in the present context, issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005) (internal quotation marks and citation omitted). Nevertheless, the Court cannot put its head in the sand and cannot appropriately consider the second amended complaint in a vacuum. It would waste time and resources for the second amended complaint to go forward only to wait for the inevitable summary judgment motion on a claim the Court has already determined can go nowhere.

In sum, the second amended complaint fails to state a "plausible" basis for relief given that plaintiff's claim is effectively *Heck*-barred. *Compare Moore v. Mahone*, 652 F.3d 722, 725 (7th Cir. 2011) (prisoner could not plausibly suggest that he was the victim of an utterly unprovoked attack by prison guards in light of his disciplinary conviction for assault).

    3. Finally, plaintiff's claims against the sergeant who approved the domestic battery charge and the City of Chicago are dismissed. With regard to the City, it is well established that there can be no municipal liability

| STATEMENT |
|---|

based on an official policy under *Monell* if the policy did not result in a violation of [a plaintiff's] constitutional rights." *Houskins* v. *Sheahan*, 549 F.3d 480, 493 -494 (7th Cir. 2008); *see also Durkin v. City of Chicago*, 341 F.3d 606, 615 (7th Cir. 2003) ("a municipality cannot be found liable if there is no finding that the individual officer is liable on the underlying substantive claim"). By the same token, because plaintiff's false arrest claim relating to the domestic battery charge cannot stand given the independent ground of drug possession, he cannot sue a supervisory official for approving the charge.

For the foregoing reasons, the Court dismisses this suit for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in formp pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, plaintiff may also accumulate another "strike."